UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE L. SANDOVAL,<br><br>                        Plaintiff,<br>  vs.<br><br>MODERN PAINT AND BODY SHOP,<br><br>                        Defendant. | CASE NO. 09cv2529 DMS (POR)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITH PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Plaintiff, a non-prisoner proceeding *pro se*, has submitted a Complaint, Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *In Forma Pauperis* ("IFP"), and a request for appointment of counsel.

**Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The Court has reviewed Plaintiff's affidavit of assets and finds it is sufficient to show that she is unable to pay the fees or post securities required to maintain this action. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is GRANTED.

**Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)(b)**

After granting IFP status, the Court must dismiss the case if the case "fails to state a claim on which relief may be granted" or is " frivolous." 28 U.S.C. § 1915(e)(2)(B).  As currently pled, it is clear that Plaintiff's complaint: (1) fails to state a cognizable claim; and (2) is frivolous to the extent it is based on facts which are fantastic and delusional.

First, in her complaint, plaintiff fails to allege any facts establishing a cause of action under 18 U.S.C. § 1962, et seq.  Although RICO does not expressly provide a statute of limitations, the Supreme Court (by analogy to the Clayton Act) has established a 4-year limitations period for civil RICO claims.  *Agency Holding Corp. v. Malley-Duff & Assocs. Inc.*, 483 US 143, 156 (1987).  Thus, to the extent the complaint alleges criminal activity prior to November 10, 2004, Plaintiff's claims are time-barred. Furthermore, while the standard used to evaluate dismissal of a pro se complaint is liberal, *Estelle v. Gamble*, 429 U.S. 97, 97 (1976), even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled," *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "A civil RICO claim requires allegations of the conduct of an enterprise through a pattern of racketeering activity that proximately caused injury to the plaintiff." *Swartz v. KPMG LLP*, 476 F.3d 756, 760-61 (9th Cir. 2007). Specifically, the "elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).  To establish liability, "one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Id.*  The non-time barred allegations in the complaint do not provide a basis for an inference that the alleged criminal activity was a part of an enterprise, Defendant was engaged in such an enterprise, or that Plaintiff's business or property was injured by the enterprise's criminal conduct.  Accordingly, the complaint is dismissed because it fails to state a claim for a civil RICO violation.

Second, Plaintiff's complaint must be dismissed as frivolous to the extent it pleads facts which are fantastic or delusional.  "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. [The] term 'frivolous,'

when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). When determining whether a complaint is frivolous, the court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (quoting *Neitzke*, 490 U.S. at 327-28).

Here, Plaintiff makes fantastical claims against various entities. For example, Plaintiff asserts that the owner of Modern Paint and Body Shop "is an orphan from Arizona... [who] is joined with orphans from Arizona in stealing cars." (Compl. at 1.) She claims "Robert Goodman Senior demanded to drag [her] at cattle call rodeo to cause wounds on [her] human skin." (*Id*. at 3.) She further alleges and that Mr. Goodman caused injury to her right lung in 1982, a claim she has made in previous filings with this Court. *See Sandoval v. Yavenditti*, No. 09cv441 (DMS) (S.D. Cal. 2009).

Plaintiff's allegations "rise[ ] to the level of irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Accordingly, the Court DISMISSES Plaintiff's complaint with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).[1] *See Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir.2000) (en banc) ("there is, by definition, no merit to [a frivolous] action and so no reason to grant leave to amend"); *see also Sandoval v. Russo*, No. 09cv424 L (WMc), 2009 WL 563889, *2 (S.D. Cal.) (dismissing with prejudice Plaintiff's frivolous civil RICO action); *Sandoval v. Vasquez*, No. 08cv2104 L (WMc), 2008 WL 4974422, *2 (S.D. Cal.) (same); *Sandoval v. Fink*, No. 08cv1869 L (NLS), 2008 WL 4753744, *3 (S.D. Cal.) (same); *Sandoval v. Danko,* No. 08cv1853 IEG (BLM), slip. op. at 3 (S.D. Cal., Oct. 15, 2008) (same).

For the foregoing reasons, the Court GRANTS plaintiff's motion to proceed in forma pauperis, DISMISSES the case with prejudice, and DENIES plaintiff's request for appointment of counsel.

**IT IS SO ORDERED**

DATED: December 16, 2009

_____
HON. DANA M. SABRAW
United States District Judge

---

[1] Because the case is dismissed, Plaintiff's request for appointment of counsel is DENIED as moot.